UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KYAN N.,<br><br>            Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER REVERSING COMMISSIONER'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS**<br><br>Case No. 2:21-cv-00519<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Kyan N.[1] brought this action seeking judicial review of the decision of the Acting Commissioner of the Social Security Administration denying his application for disability benefits.[2] The Commissioner moves to remand this case to the agency for further proceedings, including a new hearing before an administrative law judge ("ALJ").[3] Mr. N. has filed six motions which the court construes as motions to remand the case for an immediate award of benefits.[4] Because Mr. N. has not demonstrated, at this stage, that he is entitled to an award of

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the court refers to Plaintiff by his first name and last initial only.

[2] (*See* Am. Compl., Doc. No. 13.)

[3] (Def.'s Mot. to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) ("Comm'r Mot. to Remand"), Doc. No. 45.)

[4] (Doc. Nos. 23, 46, 48, 49, 50, 52.)

1

benefits as a matter of law, the court[5] grants the Commissioner's motion, denies Mr. N.'s motions, and remands the case for further administrative proceedings.

## BACKGROUND

Mr. N. applied for benefits under Titles II and XVI of the Social Security Act[6] in March 2020.[7] After a hearing, an ALJ issued a decision on August 3, 2021, finding Mr. N. not disabled and denying benefits.[8] The Appeals Council denied review,[9] making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

Mr. N. then filed this action for judicial review, proceeding pro se.[10] On May 13, 2022, before the Commissioner entered an appearance, Mr. N. filed a motion seeking an award of benefits.[11] The Commissioner later appeared and filed a responsive statement to Mr. N.'s amended complaint.[12] The court set a briefing schedule,[13] and Mr. N. filed his opening brief.[14]

---

[5] The parties consent to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 10.)

[6] 42 U.S.C. §§ 401–434, 1381–1385.

[7] (*See* Certified Tr. of Admin. R. ("Tr.") 15, Doc. Nos. 30, 31.)

[8] (*Id.* at 15–28.)

[9] (*Id.* at 1–3.)

[10] (*See* Compl., Doc. No. 4; Am. Compl., Doc. No. 13.)

[11] (Doc. No. 23.)

[12] (Doc. No. 29.)

[13] (Doc. No. 33.)

[14] (Opening Br., Doc. No. 34; *see also* Errata to Opening Br., Doc. No. 42.)

In lieu of filing an answer brief, the Commissioner moved to remand the case for further proceedings.[15] Mr. N. did not file a response but filed five successive motions seeking entry of a judgment awarding benefits: a motion for judgment on the pleadings,[16] a motion for summary judgment,[17] a second motion for summary judgment,[18] an "amended" motion for summary judgment,[19] and a "final attempt" motion for summary judgment.[20]

## LEGAL STANDARDS

Federal district courts have "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[21] The statute is silent as to whether the judgment may include an award of benefits.[22] But the Tenth Circuit has concluded that "[w]hen a decision of the Secretary is reversed on appeal, it is within this court's

---

[15] (Comm'r Mot. to Remand, Doc. No. 45.)

[16] (Doc. No. 46.)

[17] (Doc. No. 48.)

[18] (Doc. No. 49.)

[19] (Doc. No. 50.)

[20] (Doc. No. 52.)

[21] 42 U.S.C. § 405(g).

[22] *See id.*

discretion to remand either for further administrative proceedings or for an immediate award of benefits."[23]

Courts consider several factors when determining whether to award benefits, including "the length of time the matter has been pending," and if, "given the available evidence, remand for additional fact-finding would serve [any] useful purpose" or "merely delay the receipt of benefits."[24] When "the record fully supports a determination" that a claimant is "disabled as a matter of law" and entitled to the benefits sought, reversal with an award of benefits is appropriate because "additional fact finding would serve no useful purpose."[25]

Because Mr. N. proceeds pro se, his filings are liberally construed and "held to a less stringent standard than formal pleadings drafted by lawyers."[26] Still, pro se parties must "follow the same rules of procedure that govern other litigants."[27]

## ANALYSIS

The Commissioner contends the case should be remanded for a de novo hearing before an ALJ.[28] The Commissioner explains the Appeals Council will instruct the ALJ to give further consideration to Mr. N.'s residual functional capacity and the opinion evidence, obtain additional

---

[23] *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).

[24] *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (alteration in original) (internal quotation marks omitted).

[25] *Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989) (internal quotation marks omitted).

[26] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[27] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[28] (Comm'r Mot. to Remand 2, Doc. No. 45.)

evidence as warranted, and issue a new decision.[29] Construing Mr. N.'s motions and other filings liberally, Mr. N. seeks remand for an immediate award of benefits rather than for further proceedings, as the Commissioner requests.

Mr. N. has not demonstrated, at this stage, that he is disabled as a matter of law. In his opening brief and motions, Mr. N. argues he is disabled primarily because of a neck injury.[30] But Mr. N. does not support his argument with reference to the administrative record in this case or explain how the record evidence demonstrates he is disabled as matter of law. Instead, he references recent radiological imaging which he states is not part of the administrative record, and which he did not file in this appeal.[31] If new evidence exists supporting Mr. N.'s claim, this evidence should be considered at the administrative level; it is not the court's role to weigh this evidence in the first instance.[32] Based on Mr. N.'s arguments, it is apparent further administrative factfinding is warranted.

---

[29] (*Id.*; Def.'s Reply in Support of Mot. to Remand 2, 4–5, Doc. No. 47.)

[30] (*See, e.g.*, Opening Br. 1, Doc. No. 34; Mot. for J. on the Pleadings 2–3, Doc. No. 46; Am. Mot. for Summ. J. 2–3, Doc. No. 50.)

[31] (Opening Br. 1–2, Doc. No. 34.)

[32] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (The court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." (internal quotation marks omitted)); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (The court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." (internal quotation marks omitted)).

Because the Commissioner concedes the case should be remanded, and Mr. N. has not demonstrated he is entitled to an immediate award of benefits, remand for further administrative proceedings is appropriate to permit an ALJ to reevaluate Mr. N.'s claim.

## CONCLUSION

The Commissioner's motion to remand for further administrative proceedings[33] is granted. Mr. N.'s motions seeking remand for an award of benefits[34] are denied. The Commissioner's decision is REVERSED and the case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of October, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[33] (Doc. No. 45.)

[34] (Doc. Nos. 23, 46, 48, 49, 50, 52.)